UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NorthSouth Productions LLC, a Delaware limited liability company,<br><br>          Plaintiff,<br>v.<br><br>Undeletable Productions Company Inc., a New York Corporation, Lauren Merrill, an individual, and Todd Merrill, an individual,<br><br>          Defendants. | CASE NO. _____<br><br>**COMPLAINT FOR DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff NorthSouth Productions LLC ("NorthSouth"), by and through its attorneys, for its Complaint against Defendants Undeletable Productions Company Inc., Lauren Merrill, and Todd Merrill (collectively, "Defendants") alleges, upon knowledge as to its own acts and upon information and belief as to the acts of others, as follows:

### NATURE OF THE CLAIMS

1. This is a civil action for declaratory relief to vindicate the rights of independent television producer NorthSouth in its home-shopping network spoof, *Buy for Now*. *Buy for Now* was primed for production and distribution on a major television network, but is now under a cloud of uncertainty due to Defendants' scurrilous accusations of copyright infringement.

2. *Buy for Now* is conceived as a partially scripted comedy television series that depicts the behind-the-scenes drama of a home-shopping network. The backstage story arcs are interspersed with actual sales presentations where comedian hosts pitch real products they know nothing about.

3. Upon information and belief, Defendants are the owners of a project titled *SVTV*, which was registered with the United States Copyright Office under three separate copyright registrations in 1998, 2007, and 2013. Upon information and belief, *SVTV* has never been produced for television or otherwise; it is a failed project.

4. Nonetheless, without having seen any materials for *Buy for Now*, Defendants and their legal counsel have made the baseless claim that *Buy for Now* infringes Defendants' copyrights in the *SVTV* treatment and script. In particular, Defendants allege that (a) NorthSouth had access to *SVTV*, and (b) *Buy for Now* is substantially similar to *SVTV*. Both are manifestly untrue.

5. In creating *Buy for Now*, NorthSouth's senior director of development neither had access to, nor copied from, any version of *SVTV*. Rather, she applied her own creative imagination and drew inspiration from a prior work in which she had participated to conceptualize an original television show.

6. Defendants' unfounded accusations of copyright infringement have jeopardized *Buy for Now*. NorthSouth signed a contract with a television network to develop *Buy for Now*, and the network was primed to produce and distribute the show. Now, however, the network is unwilling to move forward with the project until NorthSouth resolves the unmeritorious copyright infringement allegations leveled by Defendants.

7. Recognizing that Defendants' accusations were meritless, NorthSouth proposed that the parties exchange materials, so that Defendants could see that *Buy for Now* and *SVTV* were not substantially similar in protectable expression and recognize the folly of their claims. Defendants, however, refused and have now cut off communication.

8.      Consequently, Defendants' false accusations have forced NorthSouth to file suit to clear its name. NorthSouth brings this action to establish its unequivocal rights in *Buy for Now* and seeks a declaration that *Buy for Now* was independently created and does not infringe any copyright held by Defendants. When it prevails, NorthSouth intends to seek its attorneys' fees and full costs, as provided for by the Copyright Act.

## JURISDICTION AND VENUE

9.      This is a civil action for declaratory relief under the United States Copyright Act, 17 U.S.C. § 101 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201.

10.     The Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. §§ 1331, 1338, and 2201.

11.     This Court has personal jurisdiction over Defendants pursuant to New York Civil Practice Law and Rules § 301 because, upon information and belief, Defendants are domiciles of the state of New York, regularly conduct business in New York, New York, and at times relevant herein maintained an office in New York, New York.

12.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because, upon information and belief, Defendants regularly conduct business in New York, New York, at times relevant herein maintained an office in New York, New York, and a substantial part of the events giving rise to this claim occurred within this judicial district.

## THE PARTIES

13.     Plaintiff NorthSouth Productions LLC is a Delaware limited liability company with its office and principal place of business in New York, New York. It was founded in 2000.

NorthSouth is one of the largest independent television producers in the nation, with offices in New York, New York and Knoxville, Tennessee. NorthSouth's credits span a range of factual programming for clients including History, TLC, Discovery, Courtroom Television Network d/b/a truTV ("truTV"), A&E, and Food Network. NorthSouth's work comes in a variety of genres, including comedy, drama, and documentary. A large body of NorthSouth's work is in the comedy space. One of its best-known and most critically acclaimed works is the television series *Impractical Jokers*, currently airing on truTV, which reached its 100th episode in September 2015.

14.  Defendant Undeletable Productions Company Inc. ("Undeletable") is a New York corporation which, upon information and belief, has its headquarters and principal place of business in Southampton, New York. Upon information and belief, at times relevant herein, Undeletable maintained an office in New York, New York, and Undeletable regularly conducts business in New York, New York. Upon information and belief, Undeletable is a television production company specializing in non-fiction, documentary formats.

15.  Defendants Lauren Merrill and Todd Merrill are the owners and principals of Undeletable. Upon information and belief, Lauren and Todd Merrill are residents of Southampton, New York. Upon information and belief, at times relevant herein, Lauren and Todd Merrill maintained a residence in New York, New York, and Lauren and Todd Merrill regularly conduct business in New York, New York.

## FACTUAL BACKGROUND

### NorthSouth's Independent Creation of *Buy for Now*

16. NorthSouth's Senior Director of Development, Comedy Division, Lisa Kleinman, created *Buy for Now*. Kleinman is an actress, comedian and part of the renowned comedy group Upright Citizens Brigade ("UCB"). The seed for *Buy for Now* germinated from a similarly-themed digital project by Kleinman's friend, independent producer Lauren Bennett.

17. In November 2013, Bennett created a program titled *redditgifts Shopping Network Black Friday Extravaganza* ("*Black Friday*") for reddit (an entertainment, social networking, and news website). *Black Friday* aired live on the redditgifts website on November 29, 2013. Kleinman acted in *Black Friday*, playing "Eva" the host of a fictitious home-shopping network. Kleinman created the character of Eva and improvised her role.

18. In September 2014, NorthSouth hired Kleinman to head up its newly created comedy division and expand the company's presence in the comedy space. NorthSouth charged Kleinman with developing new comedy projects for television, and asked her to draw upon her deep connections in the New York City comedy scene, both at UCB and otherwise.

19. In or around January 2015, Kleinman had the idea to do a show based on the Eva host character she had previously created for *Black Friday*, and to revisit the world of a home-shopping network. Kleinman was also inspired by *The Larry Sanders Show*, a long-running sitcom set in the office and studio of a fictional late-night talk show, *Nathan for You*, a docu-reality comedy television series in which the ill-informed host attempts to help real struggling businesses, and *Shark Tank*, where contestants pitch their actual products. As a result, she conceived of *Buy for Now* as: (a) partially scripted, behind-the-scenes footage of a fictional 24-

hour home-shopping network, plus (b) largely unscripted improvised comedy where comedian character hosts (like Eva) interact with real product salesmen and actual products.

20. Kleinman shared her idea for *Buy for Now* with NorthSouth's executives, and they expressed interest in the project. Kleinman then reached out to Bennett and sought her help in developing *Buy for Now* as a television series. Kleinman also worked on the script for a *Buy for Now* presentation tape.

21. On March 29, 2015, NorthSouth filmed the presentation tape for *Buy for Now*. Kleinman acted in the tape, playing the same character, Eva, that she had created for *Black Friday*. Kleinman also cast the presentation tape, drawing exclusively from her colleagues at UCB.

22. After the presentation tape was filmed, Kleinman created a seventeen-page treatment for *Buy for Now* which, along with the presentation tape, could be used to pitch *Buy for Now* to television networks. The treatment includes anticipated style and tone, sample episodes, character breakdowns, and examples of products to feature on *Buy for Now*. A copy of the treatment is attached as Exhibit A and incorporated herein by reference. NorthSouth has exclusive ownership of copyright and all other rights in the *Buy for Now* treatment, and on January 21, 2016, NorthSouth registered the *Buy for Now* treatment with the U.S. Copyright Office. A copy of NorthSouth's registration application is attached as Exhibit B and incorporated herein by reference.

23. Beginning on or about May 15, 2015, NorthSouth pitched *Buy for Now*, including both the presentation tape and the treatment, to multiple networks: TBS, MTV, Lifetime, IFC,

6

truTV, and Comedy Central. In late June 2015, NorthSouth concluded the in-person pitching of *Buy for Now*.

24. In mid-June 2015, truTV expressed interest in *Buy for Now*, and on June 23, 2015, truTV submitted an offer for further development of the project. On August 26, 2015, NorthSouth and truTV finalized and executed a development agreement. However, shortly thereafter, NorthSouth and truTV learned of Defendants' allegations of copyright infringement. truTV informed NorthSouth that it would not pursue further development of *Buy for Now* unless and until the dispute with Undeletable was resolved with finality.

### Defendants' Wrongful Assertions of Copyright Infringement

25. Defendants have alleged that *Buy for Now* infringes their copyrighted treatment and script for *SVTV*, which is purportedly "a 'behind-the-scenes' program at a home shopping network where practically everything is for sale." According to the Copyright Office's electronic public catalog, Defendants have registered three copyrights in *SVTV*: (1) TXu001872871, dated April 1, 2013; (2) PAu003334567, dated July 13, 2007; and (3) PAu002333349, dated May 26, 1998.

26. On August 12, 2015, Defendants' attorney, Steven Schechter, sent a letter to NorthSouth (and also to Hearst Communications, Inc., the corporate affiliate of NorthSouth's parent company) setting forth Defendants' allegations, and expressing Defendants' intent to "vigorously pursue claims of copyright infringement, breach of contract, quasi-contract, unjust enrichment, unfair competition and any other claims ... in this matter." A copy of the letter is attached hereto as Exhibit C and incorporated herein by reference.

7363882.1

27. Defendants, however, make these allegations despite conceding that they have never personally seen either NorthSouth's presentation tape or its treatment. Instead Defendants claim that several unnamed sources familiar with *SVTV* have told them that *Buy for Now* is based upon and incorporated material from *SVTV* without Defendants' knowledge or authorization.

28. Defendants claim that "it is beyond any question or dispute that NorthSouth Productions obviously has access to [Undeletable's] SVTV project and copyrighted materials...." They are wrong; Kleinman independently created *Buy for Now*, and she did not have access to, nor copy from *SVTV*. Defendants allege three sources of access to *SVTV*:

(a) Defendants purportedly pitched *SVTV* to Lifetime Network in 2009 and 2010 and provided Lifetime with a copy of the treatment for *SVTV*. Defendants claim that NorthSouth enjoys a "preferred producer" status with Lifetime Network vis-à-vis Hearst's passive ownership stake in the network, and that Lifetime often refers projects to NorthSouth. This is incorrect. NorthSouth's corporate connection to Lifetime is attenuated, and NorthSouth has only produced one television series for Lifetime in NorthSouth's entire 15-year corporate existence.

(b) Pete McPartland, Jr., who currently works for NorthSouth as the showrunner for *Impractical Jokers*, previously worked for Undeletable. While true, this is irrelevant. McPartland had absolutely no involvement in the creation of *Buy for Now*. He did not even become aware of the project until after the presentation tape was filmed. Moreover, McPartland's work on *Impractical Jokers* is entirely separate from the work of Kleinman's Comedy Division.

(c)     Defendants claim that their former agent, a partner at ICM, who apparently also pitched *SVTV*, is "friends" with NorthSouth partner Charlie DeBevoise on Facebook. This purported connection is attenuated and underscores that Defendants' allegations are pure conspiracy theory.

29.     On September 2, 2015, NorthSouth sent a reply letter to Defendants explaining its independent creation of *Buy for Now* and denying any copyright infringement. A copy of this letter is attached hereto as Exhibit D and incorporated herein by reference.

30.     After NorthSouth sent its reply letter, NorthSouth's in-house counsel, Colin da Silva Vint, spoke with Mr. Schechter. Mr. Schechter informed Mr. da Silva Vint that he had recommended his client "hire a big litigation firm to sue NorthSouth." Mr. Schechter reiterated Defendants' position that, although they had never seen any of NorthSouth's materials, *Buy for Now* infringed *SVTV*. Mr. da Silva Vint proposed an exchange of materials for *SVTV* and *Buy for Now* so that Defendants could see for themselves that NorthSouth had not committed any copyright infringement. NorthSouth did not receive a response.

31.     In mid-November 2015, NorthSouth learned that Defendants had retained a litigator, Cynthia Arato, to represent them in their dispute over *Buy For Now*. Mr. da Silva Vint again proposed a materials exchange, but Defendants were unwilling to do so. In late December 2015, Defendants' counsel ceased communication with Mr. da Silva Vint.

32.     *Buy for Now* is now in limbo. There is a real and immediate controversy between Defendants and NorthSouth over whether *Buy for Now* infringes the copyright in the *SVTV* treatment and script, and NorthSouth cannot move forward with the production and development

7363882.1

of its show with truTV until it clears its name and obtains a judicial declaration that it independently created *Buy for Now*, and that *Buy for Now* does not copy or infringe *SVTV*.

## COUNT I

### FOR DECLARATORY RELIEF

### [By NorthSouth Against Defendants]

33. NorthSouth incorporates herein by this reference each and every averment contained in paragraphs 1 through 32 of the Complaint.

34. Defendants contend that *Buy for Now* infringes Defendants' copyrighted treatment and script for *SVTV*.

35. NorthSouth has not copied any material in the copyrighted treatment or script for *SVTV* claimed to be owned by Defendants.

36. *Buy for Now* does not infringe the copyrighted treatment or script for *SVTV* in any respect.

37. NorthSouth independently created *Buy for Now*.

38. By reason of the foregoing, an actual and justiciable controversy has arisen and now exists between NorthSouth, on the one hand, and Defendants, on the other hand, regarding whether *Buy for Now* infringes the copyrighted treatment and script for *SVTV*.

39. NorthSouth requests a judicial declaration determining that *Buy for Now* was independently created, does not copy or infringe the copyrighted treatment or script for *SVTV*, and that NorthSouth has no liability to Defendants.

40. Such a declaration is necessary and appropriate because a substantial controversy exists between parties having adverse legal interests as to the alleged violation of copyrights over

*Buy for Now*, and it is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

41. Furthermore, such a declaration will settle the respective rights and obligations of the parties and allow NorthSouth to proceed with the production and development of *Buy for Now* with truTV.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff NorthSouth prays for judgment against Defendants, and each of them, jointly and severally as follows:

1. For a declaration that *Buy for Now* was independently created and does not copy or infringe the copyrighted treatment or script for *SVTV*, and that NorthSouth has no liability to Defendants.

2. For NorthSouth's attorneys' fees and full costs, including pursuant to 17 U.S.C. § 505; and

3. For such other and further relief the Court deems just and proper.

DATED: Los Angeles, California  
January 22, 2016

Respectfully submitted,

Mitchell Silberberg & Knupp LLP

By: *[signature]*
Jaclyn H. Grodin
12 East 49th Street, 30th Floor
New York, New York 10017-1028
Telephone: (212) 509-3900

7363882.1

        Aaron M. Wais
        Emily F. Evitt
        11377 West Olympic Boulevard
        Los Angeles, California 90064-1683
        Telephone: (310) 312-2000
        Facsimile: (310) 312-3000

Attorneys for Plaintiff
NorthSouth Productions LLC

## JURY DEMAND

Plaintiffs demand a trial by jury.

DATED: Los Angeles, California
January 22, 2016

Respectfully submitted,

Mitchell Silberberg & Knupp LLP

By: _____
Jaclyn H. Grodin
12 East 49th Street, 30th Floor
New York, New York 10017-1028
Telephone: (212) 509-3900
Facsimile: (212) 509-7239

Aaron M. Wais
Emily F. Evitt
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3000

Attorneys for Plaintiff
NorthSouth Productions LLC

7363882.1